J. S55037/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| BRIAN ROSS, | : | No. 1672 EDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, April 26, 2017,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0225691-1992

BEFORE:  OLSON, J., STABILE, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED OCTOBER 23, 2018**

Brian Ross ("appellant") appeals ***pro se*** from the order of the Court of Common Pleas of Philadelphia County that dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Because we agree with the PCRA court that appellant's facially untimely petition failed to establish a statutory exception to the one-year jurisdictional time limit for filing a petition under the PCRA, we affirm.

The factual and procedural history, as stated by the PCRA court, is as follows:

> On October 26, 1992, following a non-jury trial, the Honorable Robert A. Latrone found [appellant] guilty of second degree murder, robbery, possessing an instrument of crime, and criminal conspiracy.[1]  On December 27, 1995, after denying [appellant's]

---

[1] 18 Pa.C.S.A. §§ 2502(b), 3701, 907, and 903, respectively.

post-trial motions, Judge Latrone sentenced [appellant] to life imprisonment. The Pennsylvania Superior Court affirmed [appellant's] judgment of sentence on April 8, 1998, and *allocatur* was subsequently denied on August 31, 1998.[Footnote 2]

> [Footnote 2] ***Commonwealth v. Ross***, 718 A.2d 347 (Pa.Super. 1998) (unpublished memorandum), ***appeal denied***, 727 A.2d 130 (Pa. 1998).

On February 17, 1999, [appellant] filed his first ***pro se*** Post Conviction Relief Act petition. Counsel was appointed and subsequently filed an amended petition. On March 6, 2003, the PCRA petition was dismissed without a hearing. The Pennsylvania Superior Court affirmed the trial court's dismissal on June 15, 2004, followed by the Pennsylvania Supreme Court's denial of *allocatur* on November 10, 2004.[Footnote 3]

> [Footnote 3] ***Commonwealth v. Ross***, 858 A.2d 1281 (Pa.Super. 2004) (unpublished memorandum), ***appeal denied***, 863 A.2d 1145 (Pa. 2004).

The instant petition was filed on August 3, 2012, followed by several amended petitions dated June 9, 2014, and March 23, 2016. Pursuant to Pa.R.Crim.P. 907, this court sent a notice of intent to dismiss the petition as untimely without exception on February 28, 2017. In response to this court's 907 notice, [appellant] filed another petition on March 18, 2017. This court formally dismissed the petition on April 26, 2017.[Footnote 4] [Appellant] timely filed a notice of appeal to the Pennsylvania Superior Court on May 17, 2017.

> [Footnote 4] The order was issued more than twenty days after [appellant] was served with notice of the forthcoming dismissal of his Post-Conviction Relief Act petition. Pa.R.Crim.P. 907.

Trial court opinion, 7/5/17 at 1-2.

Appellant submitted a "Statement of Error Complained of on Appeal" on May 17, 2017 along with his notice of appeal. On July 7, 2017, the trial court filed an opinion, pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following issues for this court's review:

> I. Whether (in) reviewing the (property) [sic] of the (PCRA) court's dismissal of appellant's PCRA filing, it was an abuse of discretion for the (PCRA) court to determine that it was untimely . . . where the petition was timely filed under Title 42 Pa.C.S.A. §9545(b)(1)(iii) and 42 Pa.C.S.A. §9545(b) (2), because newly recognized constitutional rights were enacted by the United States Supreme . . . Court applying to appellant retroactively?
>
> II. Whether the PCRA court errred [sic] and denied appellant his federal and state constitutional rights to due process of law by dismissing appellant's second/subsequent PCRA petition wihout [sic] an evidentiary hearing and appointment of counsel . . . where appellant raised the timeliness of his second/subsequent PCRA petition?

Appellant's brief at 4 (full capitalization omitted).

Subsequent PCRA petitions beyond a petitioner's first petition are subject to the following standard:

> A second or subsequent petition for post-conviction relief will not be entertained unless a strong ***prima facie*** showing is offered to demonstrate that a miscarriage of justice may have occurred. ***Commonwealth v. Allen***, 732 A.2d 582, 586 (Pa. 1999). A ***prima facie*** showing of entitlement to relief is made only by demonstrating either that the

proceedings which resulted in conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or the defendant's innocence of the crimes for which he was charged. *Id.* at 586. Our standard of review for an order denying post-conviction relief is limited to whether the trial court's determination is supported by evidence of record and whether it is free of legal error. *Commonwealth v. Jermyn*, 709 A.2d 849, 856 (Pa. 1998).

A PCRA petition, including a second or subsequent petition, must be filed within one year of the date that judgment of sentence becomes final. 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final for purposes of the PCRA "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or the expiration of time for seeking the review." 42 Pa.C.S.[A.] § 9543(b)(3). PCRA time limits are jurisdictional in nature, implicating a court's very power to adjudicate a controversy. *Commonwealth v. Fahy*, 737 A.2d 214 (Pa. 1999). Accordingly, the "period for filing a PCRA petition can be extended only if the PCRA permits it to be extended, *i.e.*, by operation of one of the statutorily enumerated exceptions to the PCRA time-bar. *Id.* at 222.

*Commonwealth v. Ali*, 86 A.3d 173, 176-177 (Pa. 2014), *cert. denied*, 135 S.Ct. 707 (2014). Before addressing appellant's issues on the merits, we must first determine if we have jurisdiction to do so.

As noted above, a PCRA petitioner has one year from the date his or her judgment of sentence becomes final in which to file a PCRA petition. This court has held the following regarding when a judgment becomes final:

The plain language of the PCRA provides that a judgment of sentence becomes final at the conclusion of direct review or when the time seeking

- 4 -

> direct review expires. **See** 42 Pa.C.S.A. § 9545(b)(3). In fixing the date upon which a judgment of sentence becomes final, the PCRA does not refer to the conclusion of collateral review or the time for appealing a collateral review determination. Thus, the plain language of the PCRA statute shows that a judgment of sentence becomes final immediately upon expiration of the time for seeking direct review, even if other collateral proceedings are still ongoing. As this result is not absurd or unreasonable, we may not look for further manifestations of legislative intent. **See Commonwealth v. Hall**, 80 A.3d 1204, 1211 (Pa. 2013) (internal quotation marks omitted) (We may "look beyond the plain language of the statute only when words are unclear or ambiguous, or the plain meaning would lead to a result that is absurd, impossible of execution, or unreasonable.").

**Commonwealth v. Callahan**, 101 A.3d 118, 122 (Pa.Super. 2014).

In the instant case, the trial court sentenced appellant on December 27, 1995. This court affirmed the judgment of sentence on April 8, 1998. The Supreme Court of Pennsylvania denied his appeal on August 31, 1998. **See Commonwealth v. Ross**, 718 A.2d 347 (Pa.Super. 1998) (unpublished memorandum), **appeal denied**, 727 A.2d 130 (Pa. 1998). Appellant's sentence became final on November 30, 1998, when the 90-day period for petitioning for **certiorari** with the Supreme Court of the United States ended. **See** 42 Pa.C.S.A. § 9545(b)(3); **see also** U.S.Sup.Ct.R. 13.[2] Appellant's time for filing a timely PCRA ended one year

---

[2] Although the 90-day period would have expired on November 29, 1998, that day was a Sunday. Under U.S.Sup.Ct.R. 30, the deadline carried over to the following Monday, November 30, 1998.

after November 30, 1998. Appellant filed the current PCRA petition on August 3, 2012, almost 13 years after the PCRA time-bar. **See** 42 Pa.C.S.A. § 9545(b)(1).

As noted above, the PCRA does enumerate exceptions to the one-year requirement. In order to file a petition after one year has passed from the final judgment of sentence, appellant must plead and prove one of the following exceptions:

> (i)   the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)  the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Section 9545 also mandates that any petition filed under these exceptions must be filed within 60 days of the date the claim could have been presented. **Id.** at § 9545(b)(2).

Here, appellant asserts that he meets the timeliness exception set forth in 42 Pa.C.S.A. § 9545(b)(1)(iii). Initially, appellant asserts that **Rosemond v. United States**, 572 U.S. 65 (2014), permits him to come

under the constitutional right exception. However, a review of **Rosemond** reveals that the case does not address a constitutional right at all. Rather, **Rosemond** addresses what proof is necessary to establish that a defendant aided and abetted in the commission of a crime under 18 U.S.C. § 924(c). As the PCRA court noted, **Rosemond** is inapplicable because it interprets a federal statute and does not create a new constitutional right.

Appellant next contends that the Supreme Court of the United States decisions **Miller v. Alabama**, 567 U.S. 460 (2012), and **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016), primarily relied on neuroscientific theories regarding immature brain development, not age, and should be extended to appellant who was convicted of murder when he was older than 18 at the time of the commission of the crime.

In **Miller**, the Supreme Court recognized a constitutional right for juveniles, holding that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition against 'cruel and unusual punishments.'" **Miller**, 567 U.S. at 465. In **Montgomery**, the Supreme Court recently held that its rule announced in **Miller** applies retroactively on collateral review. **Montgomery**, 136 S.Ct. at 736.

This court has repeatedly recognized that **Miller** and its progeny do not create a newly recognized constitutional right for petitioners who were over the age of 18 at the time they committed their crimes. **See**

*Commonwealth v. Furgess*, 149 A.3d 90, 92-93 (Pa.Super. 2016) (holding that an appellant's assertion of the time-bar exception set forth in Section 9545(b)(1)(iii) must be rejected because the constitutional rule rendering the mandatory sentences of life imprisonment without possibility of parole on juveniles unconstitutional applied only to those defendants who were under 18 when offenses were committed).

Here, appellant acknowledges that he was over 18 years of age[3] on the date the crime was committed, but posits that *Miller* and *Montgomery* are applicable because his "brain definitely was not developed or matured" at the time of this crime. (Appellant's brief at 10-11.) This court has repeatedly rejected similar arguments invoking Section 9545(b)(1)(iii) in this manner. In *Commonwealth v. Montgomery*, 181 A.3d 359 (Pa.Super. 2018), an *en banc* panel of this court recently stated as follows:

> This Court noted that *Miller* only applies to defendants who were "under the age of 18 at the time of their crimes." [*Furgess*, 149 A.3d] at 94, *quoting Miller*, 567 U.S. at 465[.] Moreover, as this Court noted in *Furgess*, Appellant's argument attempts to extend *Miller* to those adults whose brains were not fully developed at the time of their offense. *See Furgess*, 149 A.3d at 94. This argument fails, however, because "a contention that a newly-recognized constitutional right should be extended to others does not [satisfy the new constitutional rule exception to the PCRA's timeliness requirement.]" *Id.* at 95 (internal alteration omitted; emphasis removed)[.]

---

[3] The certified record, however, indicates that appellant was born on February 6, 1966, which would make him 24 years old at the time of the crime. (*See* arrest report, 1/14/92.)

> Instead, the PCRA requires that the Supreme Court of the United States or our Supreme Court extend the new right to a class of individuals, and make the extension retroactive, in order to satisfy the new constitutional right timeliness exception. 42 Pa.C.S.A. § 9545(b)(1)(iii). ***Montgomery*** merely made ***Miller*** retroactive for juvenile offenders whose judgments of sentence had already become final. It did not extend ***Miller***'s holding to those individuals who committed homicides after they reached the age of 18. ***Furgess***, 149 A.3d at 95.

***Montgomery***, 181 A.3d at 366 (some citations omitted; bracketed text in original.) Based on the forgoing, ***Miller*** and ***Montgomery*** are inapplicable.

Appellant also raises the exception contained in 42 Pa.C.S.A. § 9545(b)(1)(ii) for newly discovered facts on the basis that Dr. Erin David Bigler, a neuropsychologist, has published research findings after ***Miller*** and ***Montgomery*** that indicate that those between the ages of 18 and approximately 25 share the same characteristics as those under the age of 18. He also claims that research by Laurence Steinberg, a Temple University psychologist who specializes in brain development, indicates that certain parts of the brain that influence criminal culpability do not mature until a person's mid-twenties.

A review of the record reveals that appellant has not claimed this exception to the timeliness requirements based on academic/medical research in his PCRA petition or in any amendments to the petition, in his response to the dismissal notice pursuant to Pa.R.Crim.P. 907, in his concise statement of errors complained of on appeal, or in the statement of

questions involved in his brief. Consequently, this issue is waived. **See**

**Commonwealth v. Bond**, 819 A.2d 33 (Pa. 2002) (providing that the

failure to raise an issue before a PCRA court constitutes waiver of claim for

appeal); Pa.R.A.P. 302(a) (stating issues not raised in lower court are

waived and cannot be raised for first time on appeal).

Appellant has not successfully pled or proven that he meets the

exception to the timeliness requirements of the PCRA.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/23/18